IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

**JUDY F. SEALS,**

      Plaintiff-Appellant,

Vs.

Shelby Chancery No. 107715-1
C.A. No. 02A01-9806-CH-00172

**TRI-STATE DEFENDER, INC.;
SENGSTACKE ENTERPRISES,
INC., FREDERICK SENGSTACKE,
AUDREY P. MCGHEE, and
CHICAGO DAILY DEFENDER,
a division of Sengstacke Enterprises,
Inc.,**

      Defendants-Appellees.



# FILED

**August 16, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

FROM THE SHELBY COUNTY CHANCERY COURT
THE HONORABLE C. NEAL SMALL, CHANCELLOR

Gregory D. Cotton of Memphis
For Plaintiff-Appellant

Bruce C. Harris of Memphis
For Appellees

***VACATED AND REMANDED***

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGES**

      Plaintiff-Appellant, Judy F. Seals, appeals the order of the trial court granting summary

judgment to Defendants-Appellees, Tri-State Defender, Inc., et al.

      Seals's complaint filed in June 1996 alleges that she is employed by Tri-State Defender,

Inc., a weekly newspaper publication, and has been employed by the newspaper for approximately twenty years. As part of her employment compensation, the newspaper provided her with health insurance through its parent company, Sengstacke Enterprises, Inc. Seals was covered under the health insurance plan until the parent company failed to make payments thereby allowing the policy to lapse in or around June 1994.

After the policy lapsed, Seals, unaware that she was not covered by health insurance, incurred several medical bills. After she became aware that she was not covered, Seals notified her employer of the problem and was told that they would take care of her medical bills. Seals's employer subsequently contacted Seals's medical providers requesting monthly payment schedules in order to pay her outstanding medical bills. However, before all of her outstanding medical bills were paid by her employer, suit was brought against Seals by some of her medical providers.

The complaint names as defendants Tri-State Defender, Inc. and its parent company, Sengstacke Enterprises, Inc., Frederick Sengstacke, president of Sengstacke Enterprises, Inc., Audrey P. McGhee, general manager of Tri-State Defender, Inc., and Chicago Daily Defender, a division of Sengstacke Enterprises, Inc. The complaint avers that the defendants had paid a portion of her outstanding medical bills, but approximately $32,000.00 of medical bills remain unpaid. The complaint alleges that the defendants were guilty of breach of contract, negligent misrepresentation, and fraudulent misrepresentation[1] and seeks compensatory and punitive damages.

Defendants' answers admit that plaintiff should have had medical insurance and admit the allegation that she was told her bills would be paid. The complaint denies the allegations of wrong-doing and joins issue thereon. The answers make no separate defenses for various named defendants, although the answer of Frederick Sengstacke, Sengstacke Enterprises, Inc., and Chicago Daily Defender avers that the complaint fails to state a claim against them upon which relief can be granted.

After the complaint was filed, the parent company paid all of Seals's outstanding medical

---

[1] Seals filed a motion for leave to file an amended complaint in which she further alleged that the defendants violated the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 *et seq*. The trial court denied the motion, and Seals does not present an issue concerning this denial.

bills and also provided insurance coverage for her. The defendants then filed a motion for summary judgment wherein they averred, *inter alia*, that Seals is only entitled to damages available for breach of contract since her damages arose out of the defendants' failure to perform their contractual obligations, that Seals failed to state a claim for which relief can be granted as it relates to extra-contractual damages including punitive damages, and that the claim of misrepresentation or promise without intent to perform is not legally sufficient to support a claim of damages. Seals's response to the defendants' motion for summary judgment avers that "there does exist a genuine issue of material fact."

After a hearing, the trial court, on May 27, 1998, entered an order granting the defendants' motion for summary judgment. The trial court found that in order for Seals to recover, she had to meet the following three-tiered test: (1) defendants must have a duty to plaintiff; (2) defendants must have breached their duty to plaintiff; and (3) plaintiff must have suffered damages. While determining that the plaintiff had met the first two tiers of the test, the trial court found that the plaintiff had not suffered any damages since the defendants had paid her medical bills and provided her with health insurance coverage. The court granted defendants' motion for summary judgment.

Seals has appealed and presents the following issues for review as stated in her brief:

> I. Whether the Chancery Court erred in granting the Appellees' motion for summary judgment on the basis that the Appellant had suffered no damages, when the Chancery Court considered solely the Appellant's contract claims and did not consider the evidence of damages under the Appellant's claims for fraud and negligent misrepresentation.

> II. Whether the Chancery Court erred in granting the Appellees' motion for summary judgment on the basis that the Appellant had suffered no damages, when the Appellant made a claim for punitive damages with respect to her counts for fraud and negligent misrepresentation and the record contained evidence supporting an award of punitive damages.

After reviewing the record in this case, we perceive that the only real issue for review is whether this case should be remanded to the trial court for further proceedings. Admittedly, defendants filed the affidavit of Audrey McGhee stating that all medical bills have been paid, but the affidavit further stated that there are no outstanding medical bills "to my best knowledge and ability." Thus, it appears that the affidavit is not made on personal knowledge. Plaintiff filed no counter-affidavit to this affidavit.

In her complaint, plaintiff attempted to include claims for fraudulent misrepresentation and negligent misrepresentation. Defendants included in the motion for summary judgment a prayer for dismissal of these claims on the ground that they failed to state a claim upon which relief can be granted. Apparently, defendants made no other attempt to argue or obtain a ruling from the court on this ground. Until such a ruling is obtained, we have a complaint alleging more than one cause of action against defendant, and obviously the court has ruled only on one claim. This is not a final judgment appealable as of right.

This case illustrates the necessity for following the rules of procedure. Tenn. R. Civ. P. 56.03 provides:

> **56.03. Specifying Material Facts.** - In order to assist the Court in ascertaining whether there are any material

> facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be supported by a specific citation to the record.

> Any party opposing the motion for summary judgment must respond to each fact set forth by the movant either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

> In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

> If the non-moving party has asserted additional facts, the moving party shall be allowed to respond to these additional facts by filing a reply statement in the same manner and form as specified above.

There has been no compliance by defendants with this rule.

Tenn. R. Civ. P. 56.04 specifically provides: "*Subject to the moving party's compliance with Rule 56.03*, judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

4

there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." (Emphasis added). The moving party (defendants herein) failed to comply with Rule 56.03, and therefore, the trial court erred in granting summary judgment.

The order of the trial court granting summary judgment is vacated, and this case is remanded to the trial court for such further proceedings in compliance with the rules of procedure as necessary. Costs of appeal are assessed one-half to plaintiff

and one-half to defendant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**